The New York and Greenwood Lake Railway Company, appellant,

v.

The Inhabitants of the Township of Montclair, respondents.

1. The title of "An act entitled 'A supplement to an act entitled "An act to authorize the formation of railroad corporations and regulate the same,".' approved April 2d, 1873" (*P. L. of 1887 p. 226*), which supplement was approved March 31st, 1882, does not express the subject of the legislation, but is vague and misleading, and therefore the act is void.

2. The body of the act imposes upon railroad companies the duty of repairing bridges over public roads, and empowers the court of chancery to decree a specific performance of this duty.

3. The supplement of March 31st, 1882, mentioned in the title, deals with a subject entirely foreign to this; it provides for a reduction of the capital stock of railroad companies under certain conditions.

4. A court of equity will not issue a mandatory injunction to compel the performance of a duty in any instance in which the duty imposed is of that official or corporate quality where a court of common law is competent to adequately compel its execution.

*Mr. Cortlandt Parker*, for the appellant.

*Mr. William S. Gummere*, for the respondents.

The opinion of the court was delivered by

Reed, J.

This appeal is from a decree overruling a demurrer to a bill. The bill was filed by the Inhabitants of the Township of Montclair, in the County of Essex, to compel the New York and Greenwood Lake Railway Company to construct a bridge across a cut, which cut impedes public travel along a public road within the territory of said township.

The right to the relief requested is grounded upon the provisions of an act (*P. L. of 1887 p. 226*). This statute, after

imposing upon railroad companies the duty to construct and keep in repair bridges and passages over and across public roads, goes on to provide that the corporate authorities of the municipality may institute proceedings in the court of chancery to compel a specific performance of the duties imposed, and upon a failure of the company to execute the decree, empowers the chancellor to enjoin the company from the exercise of any of its franchises or the transaction of any business, until the company performs.

One of the specified grounds of demurrer was the want of jurisdiction in the court of chancery to make the decree prayed for.

We are of the opinion that so far as the power of the court of chancery rests upon the provisions of this act it must fail.

This result arises from the radical invalidity of the entire act.

The defect in this statute is one to which the attention of the learned chancellor was not directed in his consideration of the cause. It is one, however, which we regard as an insurmountable obstacle in the way of conceding to the act any force whatever.

The defect is, that the title of the act does not express the subject of the legislation, but is vague and misleading. The title is this : "An act entitled 'A supplement to an act entitled "An act to authorize the formation of railroad corporations and regulate the same,"' approved April 2d, 1873," which supplement was approved March 31st, 1882.

It is perceived that while the act does not purport to be a supplement to the supplement of March 31st, 1882, its effect is to leave the impression that it is a supplement to the earlier supplement.

Any person reading the title to the act would conclude that the subject of the statute was the same as that involved in the act of March 31st, 1882.

Now, the act last mentioned deals with a subject entirely foreign to the subject-matter of the present statute.

The act of March 31st, 1882 (*P. L. of 1882 p. 232*), deals with the reduction of the capital stock of railroad companies

under certain conditions. It is too obvious for argument that the title was entirely misleading, and so encounters the constitutional requirement. For this reason the act is void.

This conclusion renders it unnecessary to express an opinion upon the important question, whether the statute, as a supplement to what is known as the General Railroad act, would affect railroads other than those organized under the General Railroad act.

In the argument, the right of the township to invoke the aid of a court of equity was rested upon the terms of the statute. This seems to be the only course which could have been taken. I can conceive of no ground for equitable interference under the rules which ordinarily control courts of equity in administering its jurisprudence.

The doctrine, that a court of equity will not act in any instance where the common law courts possessed adequate power to afford the relief asked for, is fundamental.

The power of the common law courts to compel the performance of duties of the kind under consideration, which were imposed upon railroad companies, was and is complete.

The appropriate writ for the accomplishment of that purpose is the writ of *mandamus. High Extr. Rem. § 319; State* v. *Paterson, Newark and New York R. R. Co., 14 Vr. 505,* and cases cited.

I know of no case which holds—certainly no case can hold by the application of correct principle—that a court of equity will issue a mandatory injunction in any instance in which the duty imposed is of that official or corporate quality where a court of common law is competent to adequately compel its execution.

The decree is reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Garrison, Magie, Reed, Van Syckel, Brown, Clement, Smith, Whitaker—9.